**Appeal Dismissed and Memorandum Opinion filed June 9, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00233-CV

### JAVIER CASTILLO, Appellant

### V.

### MI-JACK PRODUCTS, INC.; ACE INDUSTRIES, INC.; AND JAMES SCOTT PARCHMONT, Appellees

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-84588**

## MEMORANDUM OPINION

This is an appeal from a judgment signed January 14, 2022. The notice of appeal was due February 14, 2022. *See* Tex. R. App. P. 26.1(a).[1] Appellant, however,

---

[1] Although the notice of appeal could have been timely filed within six months after the judgment was signed if this were a restricted appeal, *see* Tex. R. App. P. 26.1(c), this cannot be a restricted appeal. The record reflects that appellant's counsel participated in a January 13, 2022 hearing that resulted in the final judgment, and restricted appeals are limited to parties who "did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of." Tex. R. App. P. 30.

filed his notice of appeal on March 30, 2022, a date more than 15 days after the due date for the notice of appeal. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).[2]

On April 29, 2022, this court informed appellant by letter about the untimely notice of appeal and warned him his appeal was subject to dismissal if he failed to show meritorious grounds for continuing the appeal.  Appellant filed no response to the letter.  Accordingly, due to the lack of any basis for exercising jurisdiction over this appeal, we dismiss the appeal for want of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Wise and Jewell.

---

[2] Appellant dated his notice of appeal February 28, 2022, but the trial court clerk filestamped the notice of appeal on March 30, 2022 to reflect its filing on that date.  There is no evidence that the notice of appeal was actually received by the trial court clerk within 10 days of the February 28th deadline, *see* Tex. R. App. P. 9.2(b)(1), so this discrepancy cannot help demonstrate the notice of appeal might be timely.